**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the
# Supreme Court of Georgia

No. S26Y0523
In the Matter of Samuel David Ozburn

Decided: June 16, 2026

PER CURIAM.

This matter is before the Court on the report and recommendation of Special Master William T. Davis, who recommends that this Court accept the petition for voluntary surrender of license filed by respondent Samuel David Ozburn (State Bar No. 813522). In his petition, Ozburn, who has been a member of the Bar since 2010, admitted that he violated the Georgia Rules of Professional Conduct ("GRPC"), see Bar Rule 4-102(d), with respect to a number of client matters.

In one matter, Ozburn admitted that after the client hired him to help her obtain guardianship of her grandchildren and paid part of his fee, he failed to respond to her inquiries, to file a guardianship petition in a prompt manner, or to respond to the Bar when it notified him that it was investigating his conduct in the matter. In these regards, Ozburn acknowledged that he

violated Rules 1.4(a),[1] 1.5,[2] and 9.3.[3] The maximum penalty for violating each of these Rules is a public reprimand.

Regarding the other matters, Ozburn admitted that in serving as the closing attorney for two lenders in 16 real estate transactions, he falsely represented to his clients and other parties that he was an authorized agent of a title insurance company; falsely represented to his clients and other parties that he had secured title insurance with respect to the properties at issue; and received the client funds that would have gone to the title insurer. In these regards, he acknowledged that he violated Rules 1.4(a), 4.1(a),[4] and 8.4(a)(4).[5] As noted above, the maximum penalty for violating Rule 1.4 is a public reprimand; the maximum penalty for violating Rules 4.1(a) and 8.4(a)(4) is disbarment.

Based on these admissions, Ozburn asked this Court to

---

[1] Rule 1.4(a) states, in relevant part, "A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent … is required … (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; [and] (4) promptly comply with reasonable requests for information." (line breaks omitted)).

[2] Rule 1.5(a) states that lawyers "shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

[3] Rule 9.3 states, "During the investigation of a matter pursuant to these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules."

[4] Rule 4.1(a) states, "In the course of representing a client a lawyer shall not knowingly … make a false statement of material fact or law to a third person."

[5] Rule 8.4(a)(4) states that lawyers violate the Georgia Rules of Professional Conduct when they "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

allow him to voluntarily surrender his license to practice law, which is tantamount to disbarment. See Rule 1.0(u). In its response to Ozburn's petition, the Bar requested that the petition be accepted, and, as noted, the Special Master likewise recommends that we accept the petition.

Having reviewed the record, we accept Ozburn's petition, as the requested disposition is consistent with our precedent. See, e.g., *In the Matter of Moses*, 299 Ga. 664, 664 (2016) (accepting petition for voluntary surrender of license: attorney admitted that he violated Rule 8.4(a)(4) by directly invoicing firm's clients, contravening his firm's policy, and accepting payments directly from clients that should have been submitted to firm).

Accordingly, the name of Samuel David Ozburn is removed from the rolls of persons entitled to practice law in the State of Georgia. Ozburn is reminded of his duties under Bar Rule 4-219(b).

*Voluntary surrender of license accepted. All the Justices concur.*